[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11443

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR GUARDARRAMA-SUAREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:18-cr-20508-CMA-1

_____

Before ROSENBAUM, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Oscar Guardarrama-Suarez, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for compassionate release. The government has moved for summary affirmance and to stay the briefing schedule. We grant the government's motion for summary affirmance.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis,* 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

We review for abuse of discretion a district court's denial of a motion for compassionate release. *United States v. Harris,* 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

procedures in making the determination, or makes findings of fact that are clearly erroneous." *Id.* (internal quotation marks omitted).

A district court may grant a defendant's motion for a sentence reduction, if, after considering the 18 U.S.C. § 3553(a) factors,[2] the court finds that "extraordinary and compelling reasons warrant such a reduction" and that a "reduction is consistent with applicable policy statements" in the Sentencing Guidelines. 18 U.S.C. § 3582(c)(1)(A). We have held that the policy statement set forth in § 1B1.3 of the Sentencing Guidelines is applicable to all motions under § 3582(c)(1)(A). *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Accordingly, a district court may not reduce a sentence under § 3582(c)(1)(A) "unless a reduction would be consistent with [§] 1B1.13." *Id.* Section 1B1.13, in turn, requires the court to find that "[t]he defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Altogether, then, § 3582(c)(1)(A) imposes three conditions before a

---

[2] Section 3553(a) states that a court should "impose a sentence sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training or medical care. 18 U.S.C. § 3553(a)(2). In imposing a sentence, a court also should consider: the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the sentencing range established under the guidelines, any pertinent policy statement issued by the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)–(7).

court may award a sentence reduction: (1) there must be "extraor-dinary and compelling reasons" for doing so; (2) the reduction must be supported by the § 3553(a) factors; and (3) granting a sentencing reduction must not "endanger any person or the community within the meaning of § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (internal quotation marks omitted). Each condition is necessary, so the failure to satisfy one condition warrants denial of a motion for a sentence reduction. *See id.* at 1237–38.

In this case, Guardarrama-Suarez sought a sentence reduc-tion. The district court denied the motion because it concluded that a sentence reduction was not supported by the § 3553(a) factors. On appeal Guardarrama-Suarez argues that the district court erred in analyzing the § 3553(a) factors, which he says demonstrate that he was entitled to a sentence reduction.

We cannot say that the district court abused its discretion in weighing the § 3553(a) factors. The district court acknowledged that Guardarrama-Suarez suffered from health conditions, includ-ing obesity, high blood pressure, gout, hyper cholesterol, arthritis, and sleep apnea, which made him more like to suffer a more severe outcome if he contracted COVID-19. Even so, the district court concluded that the § 3553(a) factors ultimately did not support a sentence reduction. In considering whether to grant a sentence re-duction, the district court focused on the seriousness of Guardar-rama-Suarez's offense. The district court explained that he had or-ganized a scheme to defraud the Medicare Part D prescription drug

21-11443                Opinion of the Court                    5

program by submitting false claims and that the scheme resulted in "a significant loss to a federal healthcare program and a restitution obligation of $1,700,000." Doc. 110 at 2.[3] The district court also determined that a reduction was not warranted because granting Guardarrama-Suarez an early release when he had served only a little over two years of his 92-month sentence would "undermine respect for the law and deterrence for criminal conduct[] and fail to protect the public from further crimes of the Defendant." *Id.*

Guardarrama-Suarez disagrees with how the district court weighed the § 3553(a) factors, arguing that the court should have granted him a sentence reduction based on his history and characteristics, including his advanced age and underlying health conditions. But the district court's decision to place greater weight on the seriousness of the offense, the need to promote respect for the law, the need to promote deterrence, and the need to protect the public from further crimes of the defendant was within its discretion. *See United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016). Because no substantial question exists as to the outcome of Guardarrama-Suarez's appeal, we conclude that summary disposition is appropriate. *See Groendyke Transp., Inc.*, 406 F.2d at 1162. We GRANT the government's motion for summary affirmance and DENY as moot its motion to stay the briefing schedule.

---

[3] "Doc." numbers refer to the district court's docket entries.